# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TIMOTHY STUART LANDIG,

    Plaintiff,

v.                                       CIV 01-1098 WJ/RLP

COMMISSIONER OF INTERNAL
 REVENUE, et al.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 2]. After careful review of the pleadings filed in this case, this Court has determined that Plaintiff's Complaint must be dismissed with prejudice based on this Court's lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff *pro se* filed a Complaint in this action requesting a writ of prohibition and also invoking the mandamus power of the Court. See Complaint [Docket No. 1] ¶¶ 1, 4. The Complaint, in essence, asks this Court to compel the Internal Revenue Service (IRS) to provide him with specific proof that he, specifically and individually, is subject to the tax authority of the United States. In other words, he wishes the IRS to provide him with some form of evidence identifying Plaintiff in particular as an individual required to pay taxes.

Plaintiff made a request of the IRS pursuant to FOIA and the Privacy Act for all documents relating to his obligation to pay any tax. Plaintiff's Complaint alleges that the IRS has failed to provide him with sufficient documentation to prove he is subject to the tax authority of the United States, that the IRS must provide the type of individualized, specific documentation that he has requested before they may collect any taxes or indict him for any failure to pay taxes, and that he is entitled, pursuant to the United States Constitution, to the documentation he is requesting. Complaint ¶¶ 5, 7. Plaintiff's Complaint asserts that Plaintiff is not asking the Court to make determinations regarding his tax liability. Complaint ¶ 6.

Plaintiff's Complaint makes a conclusory assertion of subject matter jurisdiction by stating "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. 1331." and "The district Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. 1361."

Defendant IRS filed a motion to dismiss in response to Plaintiff's apparent invocation of the FOIA in the Complaint. In his response, Plaintiff argued that he was not alleging any violation of the FOIA as the basis of this cause of action. See Response [Docket No. 4] ¶ 1. Instead, Plaintiff asserts that, as a nontaxpayer, he has no administrative remedies available. Additionally, Plaintiff invokes Bivens as case authority to allow his suit against the Commissioner of the Internal Revenue Service. Finally, Plaintiff states that the Defendant's arguments in the Motion to Dismiss are poorly veiled attempts to mislead this Court into believing that a tax liability can be established without the individualized, specific proof that Plaintiff is subject to any tax.

2

**DISCUSSION**

This Court lacks subject matter jurisdiction over Plaintiff's claims for various reasons. The Court will attempt to touch on each of them briefly.

Plaintiff's allegations of subject matter jurisdiction include an assertion of jurisdiction based on the mandamus statute found at 28 U.S.C. § 1361 and general federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiff is acting *pro se*, this Court will liberally construe the *pro se* pleadings in this case in an attempt to find subject matter jurisdiction. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th cir. 1991).

Assuming *arguendo* that this Court would have subject matter jurisdiction under 28 U.S.C. § 1361 to compel the "Commissioner of Internal Revenue" to perform a duty owed Plaintiff under the FOIA, Plaintiff has admitted that he is not making any claim under the FOIA. Response ¶ 1. Thus, there is no arguable basis for this Court's jurisdiction under 28 U.S.C. § 1361.

Plaintiff's Complaint fails to establish any supportable basis for federal question jurisdiction under 28 U.S.C. § 1331. While the Complaint makes a conclusory allegation that Plaintiff's claim or claims arise under the Constitution, laws or treaties of the United States, the Complaint does not sufficiently clarify the specific provision of federal law allegedly violated by the "Commissioner of Internal Revenue." The Complaint generally states that Plaintiff is entitled to a pre-deprivation hearing under the Fifth Amendment due process clause of the United States Constitution. Complaint ¶¶ 1, 7. However, Plaintiff does not explain how he has been deprived or is to be imminently deprived of life, liberty or property. Plaintiff's pro se status, of itself, does not entitle Plaintiff to maintain an action with bare, conclusory allegations of jurisdiction below

the minimal threshold of notice pleading. See Wirick v. Internal Revenue Service, 2001 WL 1692517, No. CIV .A. 01-1188-MLB (D. Kan. Nov. 21, 2001) (citing Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991); Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001); Northington v. Jackson, 973 F.2d 1518, 1521 (10th cir. 1992); Hill v. Corrections Corp. of America, 14 F.Supp.2d 1235, 1237 (D. Kan. 1998)).

The Anti Injunction Act, 26 U.S.C. § 7421, clearly states that this Court does not have subject matter jurisdiction over a suit such as Plaintiff's. This statute states that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. Plaintiff states in his Complaint that he is not seeking a determination regarding the tax issues raised in his case. The Court first notes that the statement is self defeating and an oxymoron in that it essentially says that the Complaint does not seek determination of the issues raised in the Complaint. Secondly, the Court would note that Plaintiff's statement that he does not seek to restrain the assessment or collection of tax does not make it so. The actual effect, and in this Court's opinion, the intended effect of Plaintiff's case would be the restraint on the IRS's ability to assess and collect taxes from Plaintiff. Finally, the Court would note that Plaintiff cannot so easily invoke the jurisdiction of this Court and avoid the strictures of the Anti Injunction Act. See, e.g., Coolman v. U.S. I.R.S., 117 F.Supp.2d (D. Neb. 2000).

Finally, this Court lacks jurisdiction over this case based on the doctrine of sovereign immunity. The Court will assume, merely for the sake of argument, that Plaintiff could have overcome the sovereign immunity bar in an action in the nature of mandamus to compel the IRS to comply with its duties under the FOIA. However, as noted above, Plaintiff has admitted that

he does not seek a remedy or attempt to state a cause of action under FOIA. Therefore, this cannot be the means by which Plaintiff overcomes the bar of sovereign immunity.

Plaintiff seems to attempt to end run the sovereign immunity of the IRS by naming the Commissioner of Internal Revenue in his personal capacity, Complaint ¶ 3, and by invoking Bivens, Response ¶ 4. Even if this Court were to construe Plaintiff's Complaint as a valid Bivens claim against the Commissioner in his personal capacity for violation of Plaintiff's Due Process rights, the Court would dismiss with prejudice Plaintiff's claim for failure to state a claim. See Pascoe v. Internal Revenue Service, 580 F.Supp. 649, 653-654 (S.D. Mich. 1984) (citing Phillips v. Commissioner, 283 U.S. 589 (1931)). However, this Court need not dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not, in fact, stated a Bivens claim. "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); See also, Baddou, Inc. v. United States, 802 F.2d 801 (5th cir. 1986).

The Court notes, once again, that it is dismissing Plaintiff's Complaint based on a lack of subject matter jurisdiction. Thus, the Court does not reach the merits of Plaintiff's claim or claims. However, if the Court were to reach the merits of this case, it would likely find that this action is totally lacking in merit and that the only purpose of this lawsuit was to frustrate the lawful collection of taxes from Plaintiff. See Pascoe, 580 F.Supp. at 654.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Docket No. 2] is GRANTED and Plaintiff's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE in its entirety.

_____
UNITED STATES DISTRICT JUDGE